UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| STEVEN COUTRIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| FVE MANAGERS, INC. | ) |
| d/b/a SUMMIT PLACE OF | ) |
| SOUTHPARK, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, STEVEN COUTRIER ("Plaintiff" or "Coutrier"), and files his Complaint against Defendant, FVE MANAGERS, INC. d/b/a SUMMIT PLACE OF SOUTHPARK ("Defendant" or "FVE"), and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*. ("FMLA"), and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff including Defendant's retaliation for Plaintiff's lawful exercise of his rights under the FMLA and unlawful discrimination and harassment against Plaintiff due to his disability leading to his constructive discharge.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA and ADA.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## THE PARTIES

5. Plaintiff, Coutrier, is a citizen of the United States, and is and was at all times material, a resident of the state of North Carolina.

6. Defendant, FVE, is a foreign for-profit corporation with its headquarters in Newton, Massachusetts.

7. Defendant does business and Plaintiff worked for Defendant in this District.

8. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On July 11, 2018, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within one hundred eighty days after the alleged unlawful employment practices occurred.

12. On February 2, 2020 the EEOC issued Plaintiff a Determination stating there is reason to believe a violation occurred.

13. On March 3, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue, Conciliation Failure.

14. This complaint was filed within ninety days of the EEOC's issuance of the Notice of Right to Sue

**FACTS**

15. Plaintiff was employed by defendant in a full-time capacity for approximately two years and five months.

16. At the time of his constructive discharge Plaintiff held the position of Food Beverage Director.

17. Plaintiff is a disabled male.

18. In October 2017 Plaintiff was diagnosed with his disability.

19. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

20. Plaintiff's disability impacts his major life activities including but not limited to sleeping and walking.

21. In October 2017, Plaintiff spoke with Susan Protsko, Human Resources Representative, about his diagnosis. Plaintiff informed Ms. Protsko that his doctor ordered treatment three days in a row every six weeks.

22. Plaintiff inquired about intermittent FMLA and/or reasonable accommodations for his disability. Ms. Protsko informed Plaintiff he was eligible for FMLA and provided Plaintiff with FMLA forms.

23. In or around October 2017, Plaintiff informed Elizabeth Lipsey-Hamilton, Executive Director, of his disability and inquired about applying for FMLA leave. In response, Ms. Lipsey-Hamilton informed Plaintiff she would not pay him his salary if he was not going to work forty (40) hours every week.

24. In December 2017, to dissuade and discourage Plaintiff from applying for FMLA leave and in retaliation for inquiring about FMLA leave, Ms. Lipsey-Hamilton placed Plaintiff on a performance improvement plan.

25. Plaintiff returned his FMLA forms to Ms. Protsko who in turn submitted the forms to Ms. Lipsey-Hamilton. However, Ms. Lipsey-Hamilton put the forms aside as she had no intention of approving Plaintiff's leave.

26. Plaintiff also inquired about reasonable accommodations related to his disability, but Defendant failed to engage in the interactive process with Plaintiff.

27. Plaintiff continued inquiring with Kimberly Rice, Divisional Human Resources Director, for information on FMLA leave. Each time Plaintiff inquired, Ms. Rice willfully dismissed Plaintiff's request and directed him to speak to Ms. Lipsey-Hamilton.

28. Plaintiff requested a status update regarding his FMLA from Ms. Lipsey-Hamilton, however, she willfully and with a reckless disregard for Plaintiff's right to take FMLA continued to deny his request and provide no information.

29. In January 2018, after three months of requests, Ms. Protsko suggested Plaintiff re-submit his FMLA documents. Plaintiff complied and Ms. Protsko again gave Ms. Lipsey-Hamilton Plaintiff's FMLA forms.

30. In January 2018, Plaintiff emailed Ms. Lipsey-Hamilton regarding his upcoming treatment and requested that his scheduled days off coincide with his treatment dates. Plaintiff received no response and believed his request to be approved.

31. Despite informing Ms. Lipsey-Hamilton of his upcoming treatment and plan to utilize his days off to attend his treatment, Defendant deliberately placed Plaintiff on the schedule and then accused him of being a no-call, no-show and issued Plaintiff a writeup for his absences.

32. Initially, Defendant informed Plaintiff he was approved for intermittent FMLA. However, subsequently Defendant denied Plaintiff his FMLA benefit by retracting its approval and recklessly disregarding Plaintiff's application altogether.

33. Defendant failed to engage Plaintiff in the interactive process and had no further communications with Plaintiff about his FMLA request.

34. Plaintiff complained to Ms. Rice, however, Defendant failed to take corrective action resulting in Plaintiff's constructive discharge.

35. Plaintiff has been damaged by Defendant's illegal conduct.

36. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I:**
**Interference in Violation of the FMLA**

37. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

38. Under the FMLA, an "eligible employee" is entitled to take up to twelve weeks of unpaid leave in any twelve-month period for qualifying medical or family reasons. 29 U.S.C. § 2612(a)(1) (2013).

39. An "eligible employee" is one "who has been employed for at least 12 months by the employer with respect to whom leave is requested...for at least 1,250 hours of service with such employer during the previous 12-month period, [and] is employed at a worksite where 50 or more employees are employed by the employer within 75 miles of that worksite." 29 U.S.C. § 2611(2)(A); 29 C.F.R. § 825.110(a) (brackets added).

40. Plaintiff is thus, an "eligible employee" for FMLA purposes.

41. Employers must comply with the FMLA's notice requirements. These requirements include the employer's obligation to "notify the employee of the employee's eligibility to take FMLA leave within five business days" after the "employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason." 29 C.F.R. § 825.300(b). The eligibility notice must "state whether the employee is eligible for FMLA leave."

42. Each time the eligibility notice is provided, the employer must also provide written notice to the employee "detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations. The notice must include a statement that the "leave may be designated and counted against the employee's annual FMLA leave entitlement if qualifying; ...[a]ny requirements for the employee to furnish certification of a serious health condition...; [t]he employee's right to substitute paid leave, [and] whether the employer will require the substitution of paid leave, the conditions related to any substitution, and the employee's entitlement to take unpaid FMLA leave if the employee does not meet the conditions for paid leave;...[and] [t]he employee's rights to maintenance of benefits during the FMLA leave and restoration to the same or an equivalent job upon return from FMLA leave." 29 C.F.R. § 825.300(b)-(c).

43. The employer is also required to provide a designation notice to an employee. "The employer is responsible in all circumstances for designating leave as FMLA-qualifying, and for giving notice of the designation to the employee...[W]hen the employer has enough information to determine whether the leave is being taken for a FMLA-qualifying reason (e.g., after receiving a certification), the employer must notify the employee whether the leave will be designated and will be counted as FMLA leave within five business days absent extenuating circumstances."

44. "If the employer determines that the leave will not be designated as FMLA-qualifying (e.g., if the leave is not for a reason covered by FMLA...), the employer must notify the employee of that determination. If the employer requires paid leave to be substituted for unpaid FMLA leave, or that paid leave taken under an existing leave plan be counted as FMLA leave, the employer must inform the employee of this designation at the time of designating the FMLA leave." 29 U.S.C. § 825.300(d).

45. "If there is a dispute between an employer and an employee as to whether leave qualifies as FMLA leave, it should be resolved through discussions between the employee and the employer. Such discussions and the decision must be documented. If an employer does not designate leave as required by § 825.300, the employer may retroactively designate leave as FMLA leave with appropriate notice to the employee as required by § 825.300 provided that the employer's failure to timely designate leave does not cause harm or injury to the employee. In all cases where leave would qualify for FMLA protections, an employer and an employee can mutually agree that leave be retroactively designated as FMLA leave." 29 C.F.R. § 825.301(c) - (d).

46. Defendant failed to provide Plaintiff with the proper notices.

47. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

7

48. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

49. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

50. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

## Count II:
## Disability Discrimination in Violation of the ADA

51. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

52. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

53. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

54. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

55. Defendant violated the ADA by constructively discharging him and discriminating against Plaintiff based on his disability.

56. Defendant intentionally discriminated against Plaintiff on the basis of his disability.

57. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress for which Plaintiff is entitled to an award of monetary damages and other relief.

58. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count III:
### Failure to Accommodate in Violation of the ADA

59. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

60. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

61. Defendant was aware of Plaintiff's disability.

62. Defendant failed to accommodate Plaintiff's disability.

63. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

64. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

65. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages

### Count IV:
### Retaliation in Violation of the ADA

66. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

67. Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by constructively discharging his employment.

68. Defendant's conduct violates the ADA.

69. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

70. Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling him to compensatory damages.

71. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
North Carolina Bar # 54125
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*